## Harr, Secretary of Banking, Receiver, v. Deeter et al.

*Cletus C. Kilker*, for plaintiff.

*J. L. N. Channell*, for defendants.

HOUCK, P. J., February 21, 1938.—In the writ, Percy Deeter and Raymond Deeter are named as terre-tenants. They did not file an affidavit of defense, but they filed a plea of nul tiel record. Plaintiff then moved to strike off the plea on the ground that it was abolished by the Practice Act of May 14, 1915, P. L. 483. The sole question now before us is whether proceedings by sci. fa. to revive the lien of a judgment are governed by the Practice Act of 1915, supra.

The Practice Act relates to practice in actions of assumpsit and trespass. A sci. fa. to revive is not an action in assumpsit, nor in trespass, and the Practice Act is not applicable in such proceeding: Stauffenberg v. Stauffenberg et al., 14 Schuyl. L. R. 39; 3 Standard Pennsylvania Practice, p. 13. Consequently, the sole reason assigned for striking off the plea is without merit. In fact, a terre-tenant is not required to file an affidavit of defense to a sci. fa. All that he is required to do is put in his plea: Salberg v. Duffee et al., 21 D. & C. 144. It follows, of course, that the plea may not be stricken off.

And now, February 21, 1938, the rule to show cause why the plea should not be stricken off is discharged.